### John Cox v. The State.

Continuance. — Affidavit for a first continuance stated that defendant obtained service of subpœna on four out of five absent witnesses who lived in the county of the forum, and disclosed what he expected to prove by each, showing its bearing on the evidence of the State. The court below refused the continuance on the ground that neither diligence nor materiality was shown. But the evidence against the defendant being mainly circumstantial, and this court deeming diligence shown as to the witnesses served, and whose testimony might have influenced the verdict, it is *held*, that the defendant is entitled to a new trial because of the refusal of the continuance.

APPEAL from the District Court of Falls. Tried below before the Hon. L. C. ALEXANDER.

The appellant was tried and found guilty of the theft of a steer, and his punishment was assessed at two years in the penitentiary.

The only question considered by this court is the refusal of the continuance, and the opinion discloses the matters involved. No previous application appears in the record.

*Goodrich & Clarkson*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J. Among the errors assigned are the following:

" The court erred in overruling the defendant's application for a continuance; and the court erred in overruling the defendant's motion for a new trial, as set out in his original and supplemental motions for a new trial."

The reasons for overruling the application for a continuance are set out in a bill of exceptions taken to the ruling of the court, and are:

" 1. Because it is not shown that due diligence was used to procure the testimony of the witness Garrison, nor is any excuse set out for even lack of diligence.

" 2. It is not alleged that the matters which the applicant says he 'expects to prove' by the witnesses O'Neal and McCutchen are true in fact, nor does it appear that the testimony is material.

" 3. Because it does not appear that the testimony of the remaining witnesses, Brewer and Dickerson, as set out, is material."

It is further shown in the supplemental motion for a new trial, and affidavits accompanying it, that one of the wit-

nesses for defendant, who had been summoned, had been kept from attending the trial by threats of personal violence; and that in the case of the absent witness O'Neal, an attachment had issued, and agreeably to the return on the attachment, the witness, after diligent search, could not be found.

Recurring to the application for a continuance: the statement as to the diligence used by the defendant in order to procure the attendance of the absent witnesses is set out in the affidavit as follows: "That as soon as he was in physical condition, in consequence of gunshot wounds received on the 5th of July, 1878, and as soon as he was able to procure counsel, he caused a subpœna to be issued by the clerk of this court for said witnesses; that said subpœna bears date 22d day of August, 1878; and that said subpœna was executed by the sheriff of Falls County, Texas, on August 27th, 1878, by reading by said sheriff to said witnesses said subpœna, except Garrison."

The names of the absent witnesses are, as stated in the affidavit, Joe Brewer, Ed Dickerson, L. A. Garrison, Edmund O'Neal, and Lida McCutchen, and who, it is stated, reside in Falls County, Texas. The affidavit is otherwise sufficient, the showing as to diligence and materiality being called in question.

It appears from the statement of facts — and the fact is admitted — that the witness Lida McCutchen was, in truth, present at the trial, and testified in the case. The diligence employed as to the witness Garrison was not sufficient, it not appearing why a subpœna had not issued for him at an earlier date than that set out in the affidavit. The affidavit for a continuance also sets out the facts the defendant expected to prove by the several absent witnesses, and their relation to the cause, as it is anticipated the evidence on the part of the prosecution will be.

On the subject of the witness O'Neal being prevented

from appearing as a witness on the trial, the defendant, in his affidavit appended to his supplemental motion for a new trial, says "that Ed O'Neal was a material witness for him on the trial of his said cause; that his testimony could not be had before the court, for the reason that he was prevented from attending the court because of the threats having been made by persons to affiant unknown, as will appear by affidavits herewith filed."

In one of the affidavits appended, it is stated that the witness Ed O'Neal had lived with affiant during the year, and up to about September 1, 1878; "that on the night of the first day of September, 1878, a party of men, consisting of two or three, came to the house of affiant, between midnight and day, and called and asked if Ed O'Neal was there. Affiant, supposing that he was not there, answered that he was not. They said they knew he was there, and that he had better get away; that he had better not come to court to be a witness in my trial; that if he did, he would wish he had not. Ed O'Neal was at the time lying out in the yard on a bed, where he usually slept; and I said, 'I did not know that you was there at the time.' He had come after I had gone to bed.

"After the men left, I went out to see if he was there, and found that he was, and had heard what the men said. He said he would leave. I advised him not to do so, saying to him that Mr. Cox wanted him as a witness in his case. He said he was afraid to stay. I left him and went back to bed. When I got up the next morning he was gone, and I have not seen him since. Ed O'Neal was a timid man, and easily frightened. I did not know who the men were. I asked them their names, and they would not tell me. It was quite dark, as the moon had gone down." There is another affidavit to the same effect.

We are of opinion that the diligence used, as shown by the affidavit for a continuance, was sufficient, in that the

subpœna was issued in time for service, and was served on the witnesses Joe Brown, Ed Dickerson, and Edmund O'Neal in time for their attendance at the trial, notwithstanding there had been no service on the witness Garrison, and that the witness Lida McCutchen is shown to have testified on the trial.

On the subject of the materiality of the testimony of the absent witnesses, it is to be viewed in the light of the evidence upon which the conviction was had, that testimony being to a great extent circumstantial. There is strong circumstantial evidence against the defendant. How far the evidence of the absent witnesses would have influenced the jury in their finding we are unable to determine.

Other errors than the two herein considered have been made by the appellant and discussed by his counsel; but, inasmuch as those deemed of any importance are not likely to arise on another trial, it is needless to discuss them here. We are of opinion that, under the circumstances of this case, as shown by the record, the accused is entitled to a new trial; and because this was refused him in the court below, the judgment must be reversed and the cause remanded for that purpose.

*Reversed and remanded.*